## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JASON ALAN JUSTICE**,

*Plaintiff,*

vs.

Case No. 22-3009-EFM

**SAM A. CROW, et al.**,

*Defendants.*

## MEMORANDUM AND ORDER

This matter is a civil action filed by a prisoner in state custody.  Plaintiff proceeds *pro se*.
The Court has conducted an initial review of the action and enters the following order.

### I.        Nature of the Complaint

Plaintiff styles this action as an "Emergency Injunction and Kansas Constitution Bill of
Rights § 18: Justice Without Delay; Constitutional Civil Rights Lawsuit and Freestanding Writ of
Habeas Corpus."   He appears to name as defendants Judges Sam A. Crow, Julie A. Robinson,
Daniel D. Crabtree, and James R. Broomes of the District of Kansas; Judges Kevin O'Connor,
Warren Wilbert, James Fleetwood, David Dahl, James Kiser, and Jeoffrey Goering of Sedgwick
County, Kansas; Monika Hoyt, Assistant District Attorney, Sedgwick County; defense attorneys
Ian M. Clark, Kert Kerns, and Kenneth B. Miller; Warrior Lawyers Law Firm; Kristen B. Patty,
appellate attorney; Lance Gillett, attorney; Kansas Department of Corrections employees Dani
Wagner, (FNU) Oplinger, (FNU) Meek, (FNU) Knowles, Andrew Parks, (FNU) Latzke, Larry
Johnson, and (FNU) Lewis; and Secretary of Corrections Jeff Zmuda.  Plaintiff seeks immediate

1

release from his incarceration, $25 million per defendant, plus court costs, filing fees, and attorney fees.

## II.    Discussion

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity.[1]  Following review, the Court must dismiss any portion of the Complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief.[2]  Because Plaintiff proceeds *pro se*, the Court liberally construes his pleadings and applies "less stringent standards than formal pleadings drafted by lawyers."[3]

The Court has reviewed the Complaint and notes several deficiencies. First, Plaintiff presents arguments concerning the validity of his conviction.  He must present these claims in a habeas corpus petition using a court-approved form.  The Court takes note that Plaintiff was advised of this requirement in two other actions, Case No. 20-3226-JWB, *Justice v. Meyer, et al.*, (dismissed without prejudice on Nov. 24, 2020, due to Mr. Justice's failure to submit his habeas corpus claim on a form petition and his failure to pay the filing fee or submit a motion to proceed *in forma pauperis* as directed) and Case No. 21-3260-SAC, *Justice v. Robinson, et al*.  Plaintiff will be provided a form pleading and instructions to proceed in habeas corpus.[4]

Next, to the extent Plaintiff presents claims concerning his conditions of confinement, he must pursue any such challenge in a civil rights action rather than a petition for habeas corpus.[5] However, Plaintiff cannot obtain release from confinement in a civil rights action.  "Hastened

---

[1]  *See* 28 U.S.C. § 1915A(a).

[2]  *See* 28 U.S.C. § 1915A(b).

[3]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[4]  The Court makes no finding as to the timeliness of such a petition.

[5]  *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) – not through federal habeas proceedings.").

release from state prison can be secured in court only through a writ of habeas corpus, not through a civil rights action."[6]  As Plaintiff is aware[7], if he proceeds in a civil rights action, he must pay the full filing fee of $402.00 because he is subject to the provisions of 28 U.S.C. § 1915(g).  Under that subsection of the federal *in forma pauperis* statute, known as the "three strikes" provision, he may not proceed without the prepayment of the filing fee unless he makes a showing that he is in imminent danger of serious physical injury.[8]  Plaintiff makes no credible assertion that he is in such danger. Therefore, he may not proceed *in forma pauperis*.

### III.    Conclusion

For the reasons set forth, the Court will direct the clerk of the court to transmit a form pleading for habeas corpus to the plaintiff.  If he wishes to proceed in habeas corpus, he must use that form pleading and must pay the statutory filing fee of $5.00 or submit a motion to proceed *in forma pauperis*.  If Plaintiff wishes to proceed in a civil rights action to challenge the conditions of his confinement, he must submit an amended complaint on a form pleading and must explain what each defendant did.  He must also submit the $402.00 filing fee.  The amended complaint must show the case number of this action, 22-3009-EFM, on the front page.

**IT IS THEREFORE ORDERED** that Plaintiff must present challenges to his confinement in a petition for habeas corpus.  The clerk of the court shall transmit to him a form petition and instructions for an action under 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including **February 22, 2022**, to submit an amended complaint and the filing fee of $402.00 in this matter.  The clerk of the court shall transmit to him a form complaint and instructions.  If he fails to submit an amended complaint and the filing fee, this matter may be dismissed without additional notice.

---

[6]  *Crabtree v. Oklahoma*, 564 F. App'x 402, 404 (10th Cir. 2014) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 489–90 (1973) and *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)).

[7]  *See Justice v. DePinto*, Case No. 20-3222-SAC, Doc. 2 (listing Plaintitt's three qualifying dismissals).

[8]  28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Dated this 25th day of January, 2022.

ERIC F. MELGREN
CHIEF U.S. DISTRICT JUDGE