IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

    *Plaintiff,*

vs.

    Case No. 22-3009-EFM

SAM A. CROW, et al.,

    *Defendants.*

**MEMORANDUM AND ORDER**

Plaintiff Jason Alan Justice, an inmate of the El Dorado Correctional Facility, has sued four judges of the United States District Court for the District of Kansas, alleging his constitutional rights were violated in various respects. The present action is the latest in a series of similar habeas-style actions in which Justice has challenged various aspects of his confinement.[1] The matter is before the Court on two motions to intervene, filed by Dylan Pyles (Doc. 6) and Sandy Justice. (Doc. 7). Pyles identifies himself as "a Business Partner and Friend to Jason." Sandy Justice identifies herself as "Jason's Natural Mother."

---

[1] *Justice v. McKune*, No. 06-3233-SAC (D. Kan.) (dismissed Oct. 10, 2006; appeal dismissed June 21, 2007); *Justice v. Bruce*, No. 07-3121-SAC (dismissed May 25, 2007; appeal dismissed Nov. 6, 2007); *Justice v. Kansas*, No. 16-3215-DDC (D. Kan.) (dismissed Nov. 20, 2018); *Justice v. DePinto*, No. 20-3222-SAC (D. Kan.) (dismissed Sept. 24, 2020); *Justice v. Meyer*, No. 20-3226-JWB (D. Kan.) (dismissed Nov. 24, 2020); *Justice v. Broomes*, No. 20-3305-JAR (D. Kan.) (dismissed May 20, 2021); *Justice v. Robinson*, No. 21-3260-SAC (D. Kan.) (dismissed Jan. 21, 2022).

Absent some specific statutory right to intervene, Fed. R. Civ. P. 24(a)(1) only guarantees a right to intervene for "anyone . . . who . . . claims an interest relating to the property or transaction that is the subject of the action." Under this rule, "an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties."[2] The focus is on the interest of the nonparty applicant —"a nonparty's unilateral effort to intervene in a case must be based on prejudice to its own interests."[3]

Subsection (b) of Rule 24, which describes permissive intervention, permits a court to allow the intervention of anyone who: (1) has a conditional right to intervene under a federal statute; or (2) "has a claim or defense that shares with the main action a common question of law or fact." With respect to either type of intervention, the individual or entity seeking to intervene bears the burden of establishing the necessary criteria.[4] "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises."[5]

The Court may properly deny a motion to intervene which "shows no connection to [plaintiff]'s habeas case challenging his underlying conviction and sentence, as well as conditions

---

[2] *In re S.E.C.*, 296 F. App'x 637, 638-39 (10th Cir. 2008) (citing *Elliott Indus. Ltd. v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir.2005)).

[3] *Statewide Masonry v. Anderson*, 511 F. App'x 801, 807 (10th Cir. 2013) (citing Fed. R. Civ. P. 24(a)(2)). *See also Tri-State Truck Ins., Ltd. v. Bank of Flint Hills*, 2014 WL 3845416, at *4 (D. Kan. 2014) (reducing attorney fees for "unmeritorious motion to intervene on behalf of another participant").

[4] *Kane Cty. v. United States*, 928 F.3d 877, 892 (10th Cir. 2019).

[5] *Arakaki v. Cayetano*, 324 F.2d 1078, 1083 (9th Cir. 2003).

of his confinement."[6]  However keenly felt, parties who have a derivative or tangential interest in the outcome in a habeas action are not entitled to intervene.[7]  Even a close familial relationship by itself will not justify intervention.[8]

The motions before the Court fail to make any showing that the movants seek to vindicate some personal right of the movants different from that of Plaintiff.  To the contrary: Movant Pyles asserts that Plaintiff Justice "IS IN 'IMMINENT DANGER OF SERIOUS PHYSCAL INJURY,'" and complains of court rulings which "are in-themselves Dangerous and Harmful and CREDIBLE THREATS to Jason's Life & well-being."  Movant Sandy Justice repeats these allegations.  The interests of both movants are entirely aligned with Plaintiff.  Accordingly, neither Movant has present valid grounds for intervention.

**IT IS THEREFORE ORDERED** that the Motions to Intervene of Pyle (Doc. 6) and Sandy Justice (Doc. 7) are hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of March, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] *See Jaeger v. Wainwright*, 2020 WL 4029475, at *3 (N.D. Ohio 2020).

[7] *See Habeas Corpus Res. Ctr. v. United States Dep't of Justice*, 2013 WL 6157321, at *1 (N. D. Cal. 2013) (crime victim lacked any "legally protectible interest that satisfies Rule 24(a)" to intervene in habeas action); *Dorsey v. Banks*, 749 F. Supp. 2d 715, 719 (S.D. Ohio 2010) (local prosecuting attorney lacked a "cognizable legal interest in the outcome of this [habeas] case" to justify intervention).

[8] *See Rodriguez v. Ridge*, 290 F.Supp.2d 1153, 116 (C.D. Cal. 2003) (denying leave for minor child intervene in habeas case challenging parent's deportation, as movant's "interest is identical: to prevent petitioner's removal from the United States").