#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

    *Plaintiff,*

vs.

    Case No. 22-3009-EFM

SAM A. CROW, et al.,

    *Defendants.*

### MEMORANDUM AND ORDER

Plaintiff Jason Alan Justice, an inmate of the El Dorado Correctional Facility, has sued four judges of the United States District Court for the District of Kansas and numerous other state judges and officers, alleging his constitutional rights were violated in various respects. On January 25, 2022, the Court found that Plaintiff's Complaint was deficient in multiple respects. (Doc. 3).

To the extent Plaintiff was challenging the validity of his conviction, the Court ordered, "[h]e must present these claims in a habeas corpus petition using a court-approved form." He must also either pay the $5.00 statutory filing fee or move to proceed in forma pauperis. Further, "to the extent Plaintiff presents claims concerning his conditions of confinement, he must pursue any such challenge in a civil rights action," and pay the $402.00 filing fee required under the "three strikes" provision of 28 U.S.C. § 1915(g).

Plaintiff was required to submit the amended complaint and the filing fee by February 22, 2022, and was cautioned that "[i]f he fails to submit an amended complaint and the filing fee, this matter may be dismissed without additional notice." By subsequent Order, this deadline was extended to March 24, 2022.

Instead of complying with the Court's direction, Plaintiff on March 25, 2022 filed a handwritten response challenging the requirement to use a court-approved habeas form. However, as the Court noted in its prior Order, Plaintiff has been repeatedly advised of this requirement in two of his previous actions.[1] The requirement is properly imposed to help in understanding the nature of a prisoner's challenge.[2]

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.' "[3]  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met."[4]  Plaintiff has failed to comply with the Court's Order to file an amended complaint, or to either pay the appropriate filing fee or seek leave to proceed in forma pauperis. Accordingly, the present action is dismissed pursuant to Rule 41(b).

---

[1] *See Justice v. Meyer*, 2020 WL 8669810, at *1 (D. Kan. 2020); *Justice v. Robinson*, 2021 WL 5298669, at *1-2 (D. Kan. 2021).

[2] *See Smith v. Sedgwick Cty. Dist. Court*, 244 F. App'x 199, 200 (10th Cir. 2007) ("By failing to use the form supplied by the court, Petitioner stymied the district court's effort to comprehend Petitioner's claims, and dismissal for that failure was warranted.")

[3] *Young v. United States*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).

[4] *Id.* (citations omitted).

During the course of the response, Plaintiff asks for recusal of the undersigned.[5] The only justification offered for this request is Plaintiff's disagreement with the Order of January 25, 2022. A request for recusal premised on judicial rulings rather than extrajudicial actions will be justified only "if [those rulings] 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.' "[6] "[A]dverse rulings are not in themselves grounds for recusal."[7] Further, the Court has no personal bias or prejudice against Plaintiff. Because judges have a duty to sit when there is no legitimate reason for recusal,[8] and because Plaintiff has presented no facts which would lead a reasonable person to harbor doubts about the undersigned's impartiality, the Court denies the request for recusal.

**IT IS THEREFORE ORDERED** that the present action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 29th day of March, 2022.

The clerk is directed to enter judgment accordingly and to close the case.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Doc. 11, at 7.

[6] *Lynn v. Lundry*, 2020 WL 3270547, at *2 (D. Kan. 2020) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

[7] *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (citing *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976)).

[8] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).